UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. SACV 12-01581-CJC(ANx)  Date: September 28, 2012

Title: BAJA MAR TRUST 25261, PACIFIC SPECTRUM, LLC AS TRUSTEE V. JORGE O. QUIROZ AND KAREN F. QUIROZ

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT**

**Introduction and Background**

On August 13, 2012, Plaintiff Baja Mar Trust 25261, Pacific Spectrum, LLC as Trustee ("Plaintiff") filed this state law claim of unlawful detainer against Jorge O. Quiroz, Karen F. Quiroz, and Does 1 to 5 (collectively, "Defendants"). (Dkt. No. 1, Exh. A [Compl.].) The claim is related to the property at 25261 Baja Mar 18, El Toro, California. (Dkt. No. 1, Exh. B [Demurrer].)[1] On September 19, 2012, Defendants removed the action to federal court alleging federal question jurisdiction. (Dkt. No. 1 [Not. of Removal].) For the following reasons, the Court, on its own motion, remands this action back to Orange County Superior Court.

**Discussion**

In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction

---

[1] Plaintiff states the address as 25261 Baja Mar, Lake Forest, California. (Compl. ¶ 5.)


# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 12-01581-CJC(ANx)                                    Date: September 28, 2012
                                                                                               Page 2

---

over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Defendants have failed to meet their burden to establish federal question jurisdiction under 28 U.S.C. § 1331. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Plaintiff's complaint asserts only a state law cause of action. Additionally, a defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). As a result, Defendants' claim that Plaintiff failed to comply with 12 U.S.C. § 5220, the Protecting Tenants at Foreclosure Act, (Not. of Removal ¶ 8), does not provide a basis for federal jurisdiction.[2] Accordingly, the Court lacks federal question jurisdiction, and this action is **REMANDED** to state court.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                       Initials of Deputy Clerk MU

---

[2] Defendants assert that their demurrer was based on 12 U.S.C. § 5220. (Not. of Removal ¶ 8–9.) However, the demurrer refers only to California law. (*See* Demurrer, at 5.)